IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ALEX BAHAM, #65786                                                    PLAINTIFF

VERSUS                                          CIVIL ACTION NO. 5:05cv138DCB-JCS

CORRECTIONS CORPORATION OF AMERICA, et al.                    DEFENDANTS

MEMORANDUM OPINION

The plaintiff filed this complaint pursuant to 42 U.S.C. § 1983 and requested in forma pauperis status. On July 25, 2005, this Court entered an order that directed the plaintiff to sign and return to this Court an Acknowledgment of Receipt and Certification (Form PSP-3) or a Notice of Voluntary Dismissal (Form PSP-4) within thirty days. The plaintiff failed to respond or comply with this order.

On September 23, 2006, the plaintiff was ordered to show cause in writing, within fifteen days, stating why this case should not be dismissed for his failure to comply with this Court's July 25, 2005, order. The plaintiff was warned in the September 23, 2006, order that if he did not comply with the Court orders his case would be dismissed without prejudice and without further notice to him.

The plaintiff was warned in a notice of assignment from the Clerk and in both of the above mentioned orders, that his failure to keep this Court advised of his current address could result in the dismissal of this action. These orders were mailed to the plaintiff's last known address. However, the envelope containing the Order to Show Cause was returned to the Court marked "not deliverable," on October 5, 2005.

Even though more than ninety days have elapsed since the deadline for compliance with

these orders, the plaintiff has failed to communicate with the Court, either to inquire as to the status of his case or to provide this office with a current address. It is apparent from the plaintiff's failure to communicate with this Court that he lacks interest in pursuing this claim. This Court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action sua sponte. See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).

The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. Link, supra, 370 U.S. at 630. Since the defendants have never been called upon to respond to the plaintiff's pleading, and has never appeared in this action, and since the Court has never considered the merits of plaintiff's claims, the Court's order of dismissal should provide that dismissal is without prejudice. Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this memorandum opinion will be entered.

This the 26th day of January, 2006.

S/DAVID BRAMLETTE

UNITED STATES DISTRICT JUDGE